Filed: 9/18/2024 11:20 AM
Michael Gould
District Clerk
Collin County, Texas
By Sara Jones Deputy
Envelope ID: 92162724

CAUSE NO. _429-06943-2024_____

| | | |
|---|---|---|
| **MICHAEL SCHNITZER AND** | § | **IN THE DISTRICT COURT** |
| **KATHERINE SCHLUND,** | § | |
| **PLAINTIFFS,** | § | |
| | § | **___ JUDICIAL DISTRICT** |
| **V.** | § | |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY, ALLSTATE** | § | |
| **INSURANCE D/B/A ALLSTATE** | § | **COLLIN COUNTY, TEXAS** |
| **DEFENDANT.** | § | |

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, AND PETITION TO DETERMINE BENEFITS UNDER PLAINTIFF'S INSURANCE POLICY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MICHAEL SCHNITZER AND KATHERINE SCHLUND, Plaintiff(s), and files Plaintiff's Original Petition, complaining of Defendant, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY, D/B/A ALLSTATE ("Defendant" and/or "Allstate"), and would show unto the Court as follows:

## I.   SELECTION OF DISCOVERY LEVEL

1.   This suit is governed by discovery control plan II under Rule 190.3 of the Texas Rules of Civil Procedure.

## II.   PARTIES

2.   Plaintiff, MICHAEL SCHNITZER, is an individual who resides at 2221 Travis Dr. Plano, Texas 75093.

3.   Plaintiff, KATHERINE SCHLUND, is an individual who resides at 2221 Travis Dr. Plano, Texas 75093.

4.   Defendant, ALLSTATE FIRE AND CASAULTY INSURANCE COMAPNY, is a company conducting business in Texas that may be served with process through its President, Vice-President or Registered Agent, Corporation Service Company, at CT Corporation System at 1999 Bryan St., Ste. 900 Dallas, Texas 75201. Citation is being requested for this Defendant and service will be completed by a private process server.

## III.   JURISDICTION & VENUE

5.      The Court has continuing jurisdiction over Defendant, because Defendant maintains minimum contacts with the State of Texas. The Court has jurisdiction over the subject matter, because the damages are within the statutory jurisdictional limits of the Court.

6.      Venue is proper in Collin County, Texas, because all or a substantial part of the events giving rise to this cause of action occurred in that county.

## IV.    FACTS

7.      This lawsuit results from an automobile collision that occurred on or about October 8, 2020 near the intersection of Independence and Parker Road in Plano, Collin County, Texas. Driver Mynor Noe Garril Perez, who was an uninsured motorist, was traveling northbound on Independence Parkway failed to stop at a red light and struck  Plaintiffs Katherine Schlund and Michael Schnitzer. As a result of the impact, Plaintiffs suffered bodily injury.

8.      At all times relevant to these events, Plaintiff had a policy of insurance with Defendant, ALLSTATE, for, among other things, uninsured motorist protection. Plaintiffs were therefore protected against loss caused by bodily injury and property damage resulting from the use of an uninsured motor vehicle.

## V.     NEGLIGENCE

9.      At the time of the accident, the uninsured motorist Mynor Noe Garril Perez was operating his/her vehicle negligently. Specifically, the uninsured motorist Mynor Noe Garril Perez had a duty to exercise ordinary care and operate the vehicle reasonably and prudently. The uninsured motorist Mynor Noe Garril Perez breached this duty in one or more of the following ways:

   a.      Failure to maintain a proper lookout;

   b.      Failure to make such application of the brakes as a person using ordinary care would have made;

   c.      Failure to maintain proper control of the vehicle under the conditions then and there existing;

   d.      Failure to turn the vehicle to the right or left to avoid the collision;

   e.      Traveling at an unsafe speed; and

   f.      Failure to maintain an adequate distance between the vehicle and the vehicle driven by Plaintiff.

## VI.    PETITION TO DETERMINE RIGHTS UNDER PLAINTIFF'S INSURANCE POLICY

10.    Pursuant to the Uniform Declaratory Judgment Act, Chapter 37 of the Texas Civil Practices and Remedies Code, Plaintiff petitions this Court for a declaration of his/her rights under the policy of insurance issued to his/her by Defendant, Allstate.

11.    Declaratory judgments are intended to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered. Tex. Civ. Prac. & Rem. Code Ann. § 37.002 (Vernon).

12.    The declaration may be either affirmative or negative in form and effect, and the declaration has the force and effect of a final judgment or decree. Tex. Civ. Prac. & Rem. Code Ann. § 37.003(b) (Vernon).

13.    A person interested under a written contract, whose rights, status, or other legal relations are affected by a contract, may have determined any question of construction or validity arising under the contract and obtain a declaration of rights, status, or other legal relations thereunder. Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (Vernon).

14.    A contract may be construed either before or after there has been a breach. Tex. Civ. Prac. & Rem. Code Ann. § 37.004(b) (Vernon).

15.    The issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions. Tex. Civ. Prac. & Rem. Code Ann. § 37.007 (Vernon).

16.    Plaintiff respectfully requests, should this Court declare Latonya Rosales was an uninsured motorist at the time of the incident in question and that Plaintiff is legally entitled to receive damages from the Latonya Rosales, that this Court determine Plaintiff's rights under the policy with Defendant, ALLSTATE, and declare that Defendant, ALLSTATE, is liable for such damages.

17.    Alternatively, Plaintiff requests, should this Court make a judicial determination that Plaintiff is legally entitled to recover damages from the uninsured motorist who caused, in whole or in part, Plaintiff's damages, that this court also make a judicial determination as to Plaintiff's rights under the policy with Defendant, ALLSTATE, and determine whether Defendant is obligated to pay such damages under the uninsured coverage portion of the insurance policy in question.

### VII. ATTORNEY FEES ON DECLARATORY JUDGMENT ACTION

18.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs.

Plaintiff has retained legal counsel concerning this matter. Pursuant to 37.009 of the Texas Civil Practice and Remedies Code, Plaintiff seeks recovery of costs and reasonable and necessary attorney's fees as are equitable and just including all such fees and expenses for: (1) preparation and trial; (2) for an appeal to the Court of Appeals; (3) for making or responding to an application for writ of error to the Supreme Court of Texas; and (4) if application for writ of error is granted by the Supreme Court of Texas.

## VIII. RULE 28 DEMAND

19.     Pursuant to Rule 28 of the Texas Rules of Civil Procedure, if some other individual(s) partnership(s), corporation(s), association(s) or business entity(ies) of any type are owned and/or operated under the name or name of the above Defendant Allstate, Plaintiff hereby demands that the appropriate entity be substituted.

## VIIII. RESERVATION OF RIGHTS AND WAIVER

20.     Plaintiffs hereby reserve the rights to pursue all potential causes of action against Defendant Allstate, including but not limited to, violations of the common law duty of good faith and fair dealing and common law fraud, violations of the Texas Insurance Code, violations of the Deceptive Trade Practices Act, and any other cause of action that Plaintiff may have or that may arise in the  future as a result of the Collision and UIM Policy.

## XX. RULE 193.7 NOTICE

21.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to Defendant Allstate that they may use any documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records, and discovery responses during the trial of this matter.

## XXI.  DAMAGES

22.     As a proximate result of the unknown driver's negligence, Plaintiffs suffered bodily injury. Plaintiff suffered the following damages:

      a.     past and future medical expenses;

      b.     past and future physical pain and mental anguish;

      c.     past and future physical impairment;

      d.     past and future disfigurement; and

      e.     past lost wages and future lost wage-earning capacity.

## XXII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Katherine Schlund and Michael Schnitzer, respectfully requests Defendant, ALLSTATE, be cited to appear and answer, and on final trial, that Plaintiff have judgment against Defendant for:

a.　　Actual damages;

b.　　Prejudgment and post judgment interest as allowed by law;

c.　　Costs of suit;

d.　　Monetary relief under $250,000 or less excluding interest, statutory or punitive damages and penalties and attorney fees and costs; and

e.　　Any further relief, either in law or equity, to which Plaintiff is justly entitled.

## XXIII. REQUEST FOR DISCLOSURE

Pursuant Rule 194 of the Texas Rules of Civil Procedure, please disclose all information identified in Rule 194.2 (a) - (l).

Respectfully submitted,

By: /s/ Alex W. Presti
Alex W. Presti
State Bar No. 24104075
The Presti Law Firm, PLLC
9330 LBJ Freeway, Suite 825
Dallas, TX 75243
Telephone: (214)-342-8900
Fax: (214)-342-8901
Email: ap@prestilegal.com
ATTORNEYS FOR PLAINTIFF(S)